911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman W. BENJAMIN, Plaintiff-Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC., Defendant-Appellee.
 Nos. 90-5382, 90-5383, 90-5400, 90-5669, to 90-5671 and 90-5673.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These appeals have been referred to this panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that plaintiff filed seven appeals from various orders entered by the district court in this civil action. Plaintiff appealed on February 20, 1990, from the joint pretrial order entered January 25, 1990 (appeal no. 90-5382) and from the order quashing a subpoena duces tecum entered February 2, 1990 (appeal no. 90-5383). A directed verdict was granted in open court on February 6, 1990; the order to that effect was entered February 8, 1990; and the judgment was entered March 2, 1990. A Fed.R.Civ.P. 52(b) motion was served on March 5, 1990, and tolled the appeal period. See Fed.R.App.P. 4(a)(4). Plaintiff appealed on March 8, 1990, from the February 8, 1990, order (appeal no. 90-5400). The Rule 52(b) motion was denied by order entered April 12, 1990. On April 26, 1990, plaintiff appealed again from the February 2, 1990, order (appeal no. 90-5669); the February 8, 1990, order (appeal no. 90-5670); and the January 25, 1990, order (appeal no. 90-5671). By notice of appeal dated and filed May 10, 1990, plaintiff appealed the judgment entered March 2, 1990 (appeal no. 90-5673).
 
 
 3
 This court lacks jurisdiction in appeal nos. 90-5382 and 90-5383 from a joint pretrial order and an order quashing a subpoena duces tecum. Such orders are not final and appealable in that they failed to end the litigation and leave nothing to be done except to execute the judgment. Nor do they qualify as appealable orders under the collateral order exception of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). See Dalton v. United States, 733 F.2d 710, 714-15 (10th Cir.1984), cert. dismissed, 469 U.S. 1185 (1985).
 
 
 4
 This court also lacks jurisdiction in appeal no. 90-5400 from the order entered February 8, 1990, granting a directed verdict. Although such order is final and appealable, the Fed.R.Civ.P. 52(b) motion served within ten days of entry of judgment tolled the appeal period. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 52(b) motion shall have no effect. A timely notice of appeal is mandatory and jurisdictional. Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). The district court denied the Rule 52(b) motion by order entered April 12, 1990.
 
 
 5
 Plaintiff's appeal no. 90-5670 from the February 8, 1990, order granting directed verdict and appeal no. 90-5673 from the judgment granting directed verdict are from the same decision. Accordingly, because they are duplicate appeals, appeal no. 90-5673 will be dismissed and appeal no. 90-5670 shall proceed and have the merits considered. Any issue which plaintiff intended to raise in appeal no. 90-5673 can be raised in appeal no. 90-5670.
 
 
 6
 Accordingly, it is ORDERED that appeal no. 90-5382, 90-5383, 90-5400 and 90-5673 be, and they hereby are dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.